BENJAMIN, Justice,
concurring:
(Filed Nov. 18, 2014)
While the result in the majority opinion undoubtedly is less than ideal, I join the majority opinion because I am convinced that the result is compelled by this Court’s application of established government immunity concepts to the specific facts of this case. I write separately to emphasize two points made in the majority opinion.
First, I wish to emphasize the limited nature of the majority opinion. As the opinion makes clear, D.H. voluntarily dismissed all West Virginia Constitutional violations and any Section 1983 claims which left only negligence-based claims for supervision, training, *526 and retention against the WVRJCFA. This Court’s review is limited by the pleadings below.
Second, as noted above, the majority opinion is based on long-standing concepts of government immunity in West Virginia’s jurisprudence. The Legislature and the Governor certainly have the authority to enact a statutory scheme regarding the State’s liability in tort which would mandate a different result in cases like the instant one. I encourage our sister branches to give consideration to such a change.
Thus, having concluded that the majority opinion is faithful to the established law of this Court and West Virginia, I concur.